UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :     **ORDER DENYING MOTION**
      -against-                  :     **FOR REDUCTION IN**
                                                             :     **SENTENCE**
JAVION CAMACHO,                                              :
                                                             :     13 Cr. 58 (AKH)
                         Defendant.   :
                                                             :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Javion Camacho ("Camacho"), who is currently serving a 250-month sentence for conspiracy to distribute heroin in violation of 21 U.S.C. § 846, moves for compassionate release in light of the COVID-19 pandemic, his preexisting health conditions, and the sentencing factors in 18 U.S.C. § 3553(a).  Camacho's motion is denied.

        On September 18, 2013, Camacho pleaded guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846.  Honorable Katherine B. Forrest sentenced Camacho to 250 months' imprisonment on February 21, 2014, in light of the fact that Camacho "was the leader and organizer of the of a crew that was engaged in multiple robberies; that the crew impersonated cops and/or utilized the tools of the trade of law enforcement; that the crew tended to do so as, when armed and used threats of violence and that the objects were large quantities of drugs; and . . . . that they were drug dealers," including Camacho.  Sentencing Tr. 5:3-11, ECF No. 358.

        Camacho has since filed numerous motions to challenge his sentence.  In 2014, he directly appealed his conviction, ECF No. 352, filed a motion to correct his sentence under Federal Rule of Criminal Procedure 35, ECF No. 356, and moved to vacate his sentence under 28 U.S.C. § 2255, ECF No. 377.  Thereafter, Camacho moved for compassionate release under

18 U.S.C. § 3582(c)(2) in 2016, ECF No. 565, filed a second motion under Section 2255 in 2017, ECF No. 610, and subsequently appealed its denial. ECF No. 643. In total, Defendant has served approximately 96 months of his 250-month sentence and is scheduled for release on January 27, 2031.

Defendant, who is thirty-two years old, argues that his morbid obesity, in conjunction with the serious risk of harm presented by the COVID-19 pandemic and the high rate of infections and conditions at FCI Fort Dix, constitutes extraordinary and compelling circumstances warranting his release. Mot. Compassionate Release ("Def. Mot.") 2-3, ECF No. 777. He also states that his offense was a non-violent offense that he deeply regrets and that he no longer poses a threat to public safety. *Id.* at 2; 21. Defendant explains that he has the "lowest security classification according to the BOP," *id.* at 19; and has a plan for reintegrating into society upon his release. *Id.* at 3, 22.

Camacho has exhausted his administrative remedies. His extreme obesity and allied conditions, subjecting him to increased risk of complications from COVID-19, could be considered an "extraordinary and compelling reason" for compassionate release. However, that risk is mitigated by the fact that Camacho has already had COVID-19, reducing the risk of reinfection. And any residual risk of reinfection is outweighed by the sentencing considerations of Section 3553(a), discussed below. Camacho is less than halfway through his sentence. He is not entitled to compassionate release.

"[T]he court, . . .upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth

in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020). Defendant bears the burden of showing he is entitled to this relief. *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

The Sentencing Guidelines provide that "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" may qualify as an extraordinary and compelling reason to justify compassionate release. U.S.S.G. § 1B1.13, note 1(A)(ii). Many courts have applied that suggestion. *See., e.g.*, *United States v Hernandez Frometa*, 18-cr-660 (AKH), 2020 WL 6132296, at *3 (S.D.N.Y. October 18, 2020) (modifying sentence where inmate's hypertension, in combination with risk of COVID-19 constituted extraordinary and compelling reasons); *United States v. Scparta*, No. 18-cr-578 (AJN), 2020 WL 1910481, at *9 (S.D.N.Y. Apr. 20, 2020 (modifying sentence to time served where inmate's hypertension, sleep apnea, and high cholesterol, in combination with risk of COVID-19, presented extraordinary and compelling reasons).

This case is different. Camacho's morbid obesity, raising his risk of contracting COVID-19, is canceled by his previous infection from COVID-19. In balance, Camacho has not shown extraordinary and compelling reasons to warrant early release. *United States v. Mateus*, No. 14 Cr. 504-1 (KPF), 2020 WL 5096062, at *4 (S.D.N.Y. Aug. 28, 2020) (denying compassionate release where defendant previously contracted and recovered from COVID-19).

The point is clinched by the 3553(a) factors considered by Judge Forrest in ordering the sentence, and which remain relevant. *See United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020) (explaining that a Court may deny compassionate release where

Section 3553(a) factors override the extraordinary and compelling reasons). The nature of Camacho's crime was serious, and he played an important role in its commission. Camacho was not just a part of the crew of robbers; he was the leader and actively participated in planning and executing the attempted robbery. See PSR ¶¶ 26-52. The crew intended to pose as law enforcement officers to rob a substantial amount of heroin from another group, armed with firearms, among other tools, before being intercepted by law enforcement agents. *Id.* ¶¶ 34-37, 41-42, 45. This crime was replete with the potential of lethal violence and, as Judge Forrest explained, "undermine[d] law enforcement." Sentencing Tr. 36:16-17.

Camacho's criminal history indicates the need for further deterrence. *See, e.g. United States v. Butler*, No. 19 Cr. 834-10 (PAE), 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020). Camacho has been involved in more than one armed robbery and as Judge Forrest explained at sentencing, he "had all of the indicia, in terms of personal deterrence, of someone who was making an affirmative choice to do what [he was] engaged in doing." Sentencing Tr. 38:22-24. While Camacho describes this as a non-violent offense, his conduct had the "potential for extraordinary violence," Sentencing Tr. 42:18-19, and Camacho himself "told [a confidential informant] that there was a police officer on the robbery crew in case they needed to shoot someone." PSR ¶ 36.

Accordingly, Camacho's motion for compassionate release is denied. The Clerk is directed to close the open motion, ECF No. 777.

SO ORDERED.

Dated: January 26, 2021         /s/
New York, New York         ALVIN K. HELLERSTEIN
                          United States District Judge